W. H. CUNDIFF v. McLEAN & MILLER.

1. A promissory note was given for a claim in the hands of attorneys for collection, and which was not surrendered by the attorneys, but retained by them, with consent of the maker of the note; the subsequent and unauthorized acts of such attorneys in collecting the claim would not put the other party in default, nor could such facts be pleaded as a defense in a suit upon such note brought by an endorsee.

2. It was error to charge the jury that a recovery could not be had upon such note if the attorneys had not surrendered the claim; a substantial compliance, accepted and acted on by the parties, would be a sufficient consideration to entitle the holder of such note to recover.

3. Exceptions to depositions must be preserved by bill of exceptions, to be revised in the appellate court.

APPEAL from Houston. Tried below before the Hon. Leroy W. Cooper.

*Stewart & Wynne*, for appellant, cited 1 Parsons on Con., 519, 520, 521, 525, 527, 529; Chitty on Con., 393, 394, 819, 814; 11 Texas, 278, Swift v. Durst; Byles on Bills, 456; 1 Sug. on Ven., 266, 267; 2 Parsons on Con., 678; 1 Story Eq., 105; 9 Texas, 129, De Cordova v. Smith; 7 Texas, 54, Harrison v. Knight.

*Jackson & Jackson* and *Nunn & Williams*, for appellees, cited 1 Parsons on Con., 462; 2 Parsons on Con., 528, 675, 529, and note.

REEVES, ASSOCIATE JUSTICE.—This suit is brought by William H. Cundiff to recover the amount of a promis-

sory note, given by William McLean and John C. Miller to Sorley, Smith & Co., for $610, and by them transferred to Cundiff, as he alleges in his petition.

Two grounds of defense are relied on to defeat the action: 1. Failure of consideration. 2. A discharge of the liability by payment of the claim for which the note was given.

In support of these grounds it is contended by counsel for appellees "that the note was given by William McLean, with John C. Miller as his surety, in consideration of an agreement on the part of Sorley, Smith & Co. to transfer a certain claim which they held against the estate of C. L. Wall, deceased (the amount of which was not then known to the parties), to McLean, in case the amount of the note should be equal to the claim, and if it was not equal, then the claim was to be credited by the face of the note. The claim was then in the hands of Taylor & Moore, attorneys of Sorley, Smith & Co., in Crockett, for collection. That Sorley, Smith & Co. did not themselves perform the agreement on their part with McLean, but gave him—he being then in Galveston—an order or writing to Taylor & Moore, of Crockett, to transfer said claim to McLean, if the note given by him should be equal to the amount of the claim, or if it should not, then to credit the claim by the amount of the note. That Taylor & Moore did neither, but gave appellees their written agreement to credit the claim by the amount of the note." It is insisted that McLean never received credit on the claim for the amount of the note, or a transfer of the claim according to the agreement with Sorley, Smith & Co. But that Taylor, as the attorney of Sorley, Smith & Co., collected the claim out of the Wall estate, while McLean was in the army, and that thereby the consideration for the giving of the note had failed. The claim referred to was an account of C. L. Wall with W. F. Wall, for merchandise and other articles, contracted during the

year 1857, amounting to $628.42, and which had been allowed and approved as a valid claim against the estate of C. L. Wall, deceased, to be paid in due course of administration. On this account a credit had been entered for $266.89, April 1, 1861, so that the balance unpaid on the account was less than the sum for which the note to Sorley, Smith & Co. was given, on the tenth of June, 1861, and under the agreement between the parties, as shown by the evidence, Taylor & Moore were authorized to deliver up the account to McLean.

It is shown by the evidence that Moore searched for the account, but could not find it, and that was doubtless the only reason why it was not delivered to McLean, instead of giving a written statement that the account should be credited with $610, and interest from first of April, 1861, that being the amount of McLean's note to Sorley, Smith & Co. This was accepted by McLean as satisfactory at the time, and no further demand was made for the account. The agreement with James McLean, the administrator of C. L. Wall, or his suggestion to William McLean to purchase the claim of Sorley, Smith & Co., and in that way pay off William's indebtedness to the Wall estate, seems to have been regarded as consummated. William McLean states that he saw James McLean soon after he returned from Galveston, and told him that he had made enough to settle the claim which the administrator held against him, and that he had the receipt of Taylor & Moore, as attorneys for Sorley, Smith & Co., for a credit upon his claim.

James McLean testified that William McLean showed him Taylor & Moore's receipt, and that he never made any demand afterwards of William McLean for his debt to Wall's estate.

The suggestion of James McLean to purchase the claim of Sorley, Smith & Co. was acted upon by William McLean, and the purchase was made accordingly. The

claim held by Sorley, Smith & Co. was solvent at that time, and the agreement seems to have been made for the benefit of William McLean and at his request.

The facts and circumstances in evidence warrant the conclusion, that William McLean's debt to Wall's estate was satisfied by the claim of Sorley, Smith & Co. against the estate, or that his debt was satisfied to the amount of the claim before the payment was made by Mrs. Wall to Taylor & Moore, and was so treated by the parties.

In this view of the case, Taylor & Moore's authority as attorneys for Sorley, Smith & Co., to collect the claim against Wall's estate, was ended, and Mrs. Wall's payment to them would not be a valid defense to the collection of the note.

Regarding the agreement as having been virtually complied with, it could not be thereafter rescinded by the unauthorized act of one party, and the other be thereby put in default. Where the agreement by its terms is mutual and dependent, and one party fails to perform his part, that the other party may treat it as rescinded, is a well established rule of law, as shown by the authorities referred to in the brief of appellees' counsel. But the defense resting upon the alleged acts and omissions of Sorley, Smith & Co., is not, as we think, sustained by the evidence.

The effect of the charge to the jury is, that if Taylor & Moore failed to deliver the claim or enter the credit, though there may have been a substantial compliance with the agreement, and as such may have been accepted and acted upon by the parties, the plaintiff could not recover in his suit. In this respect the charge was deficient.

The ruling of the court on plaintiff's exception to the reading of Mrs. Wall's deposition should have been presented by bill of exception, embodying the grounds of objection, before it could be revised. That not being done, the error complained of cannot be considered.

There being error in the charge of the court, and in the verdict of the jury, the cause is reversed and remanded for further proceedings.

REVERSED AND REMANDED.

Justice Moore did not sit in this case.