John SULLIVAN et al., Petitioners,

v.

UNIVERSITY INTERSCHOLASTIC LEAGUE et al., Respondents.

No. B–9519.

Supreme Court of Texas.

April 22, 1981.

Rehearing Denied June 17, 1981.

H. Clyde Farrell, Austin, for petitioners.

Mark White, Atty. Gen., Carla Cox, Asst. Atty. Gen., McGinnis, Lochridge & Kilgore, Brook Bennett Brown, Austin, for respondents.

SPEARS, Justice.

Petitioner, John Sullivan, through his father and next friend, Joe Sullivan, brought suit individually and as representative of a class action against the University Interscholastic League, two U.I.L. officials, the Austin Independent School District, and four named school officials.[1] Sullivan challenged the constitutional validity of the U.I.L.'s student transfer rule contained in Section 14 Article VIII of the *Constitution and Contest Rules* of the University Interscholastic League.[2] Sullivan sought declaratory and injunctive relief and individually sought damages under 42 U.S.C. § 1983. The trial court dismissed Sullivan's action against the Austin Independent School District with the parties' acquiescence.

The four named school officials filed a motion presenting two grounds for summary judgment: (1) that the rule is constitutional, and (2) there is no genuine issue as to any material fact necessary to establish their affirmative defense of immunity to the damage claim.[3] The U.I.L. and two U.I.L. officials also filed a motion for summary judgment claiming only that the rule is constitutional. The trial court granted both motions for summary judgment on all points before it.

Sullivan brought four points of error before the court of civil appeals dealing with the constitutionality of the U.I.L. rule. He did not appeal the trial court's grant of the affirmative defense of immunity asserted in the school officials' motion for summary judgment. The court of civil appeals affirmed the judgment of the trial court. 599 S.W.2d 860. We affirm in part and reverse

---

1. The class action was brought pursuant to Rule 42, Texas Rules of Civil Procedure (1979). The trial court certified as a class: "[A]ll Texas public high school students who are or will be ineligible to play public high school varsity basketball or football because they have moved into Texas from another state within the preceding year." It was further ordered that the class action be maintained only as to declaratory and injunctive relief.

2. Sec. 14. One-Year Rule.—A pupil who has represented a high school (other than his present school) or academy in either football or basketball is ineligible, only in the sport or sports (football or basketball) in which he participated, for one calendar year in a school to which he changes. Exceptions to Section 14:

   (A) A pupil who changes from a school which he has attended for at least one year having less than 15 accredited units to the nearest higher class school (see Article VII, Section 5) to his home, or the nearest in his county. A pupil living at home with his parents (or guardian) and qualifying under the "exception A" clause above is eligible under this section in any higher class school within fifteen miles. A pupil changing from a training school conducted by a college to the local high school in the district in which his parents have lived at least one year is not eligible under this rule.

   (B) A student who has only one year of eligibility remaining may participate in any new school to which he may transfer, provided he has a release, signed by the superintendent of the district or by his delegated administrator, and by the principal and coach of the school he previously attended, to the effect that the pupil was not recruited and that no undue influence was exerted upon him or his family; and provided he is approved by the district executive committee of the district to which he is transferring. Refusal to release a pupil may be reviewed by the receiving district executive committee and this committee has the authority to declare the pupil eligible if there is no justifiable evidence for denying the release. (Must be eligible by Article VIII, Section 13).

3. In Sullivan's First Amended Petition he waived damages as to the U.I.L. and Austin Independent School District.

and remand in part the judgment of the court of civil appeals.

The U.I.L. is a voluntary non-profit association of public schools which is a part of the Division of Continuing Education of The University of Texas. All public schools are eligible for membership in the U.I.L., and its conduct has been held to constitute state action. *Walsh v. Louisiana High School Athletic Ass'n*, 616 F.2d 152 (5th Cir. 1980); *Saenz v. University Interscholastic League*, 487 F.2d 1026 (5th Cir. 1975). The U.I.L. promulgated the original transfer rule in 1933, to discourage recruitment of promising athletes. Essentially this rule provides that a student who has represented a high school (other than his present school) in either football or basketball is ineligible, for one calendar year after moving to another district, to participate in the same sport in the school to which he changes.[4]

In March 1977, John Sullivan moved with his family from Vermont to Austin because his father's employment was transferred. John played high school basketball in Vermont but it is undisputed that he was not recruited to play in the Austin schools. When John enrolled in school, he was told that he was ineligible to play U.I.L. sponsored varsity basketball because of the one-year transfer rule.

■ We granted Sullivan's application for writ of error on three points which are interrelated. First, the transfer rule is not rationally related to the purpose of deterring recruitment of high school athletes. In other words, the enforcement of the transfer rule deprives Sullivan of his Fourteenth Amendment right of equal protection. Second, the rule infringes upon Sullivan's fundamental right of familial privacy. Third, the transfer rule infringes on his fundamental right to interstate travel. We find it unnecessary to discuss the right to familial privacy and travel since we hold that the transfer rule is not rationally related to the purpose of deterring recruitment

and therefore the rule violates the equal protection clause of the Fourteenth Amendment.

■ The demand for equal protection of the laws is directed to the states: "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S.Const.Amend. XIV, § 1. Equal protection decisions, however, recognize that a state cannot function without classifying its citizens for various purposes and treating some differently than others. The general rule is that when the classification created by the state regulatory scheme neither infringes fundamental rights or interests nor burdens an inherently suspect class, equal protection analysis requires that the classification be rationally related to a legitimate state interest. *See Parham v. Hughes*, 441 U.S. 347, 350–53, 99 S.Ct. 1742, 1745–47, 60 L.Ed.2d 269 (1979); *City of New Orleans v. Dukes*, 427 U.S. 297, 303, 96 S.Ct. 2513, 2516, 49 L.Ed.2d 511 (1976); *United States Department of Agriculture v. Moreno*, 413 U.S. 528, 533, 93 S.Ct. 2821, 2825, 37 L.Ed.2d 782 (1973). We have involved in this case neither a suspect class nor a fundamental right.

The transfer rule creates two classes of students: those who do not transfer from one school to another, as compared to those who transfer. The rule treats these two classes of students differently by permitting members of the first group to compete in interscholastic activities without any delay while imposing a one-year period of ineligibility on the second group. The purpose of the transfer rule was to discourage recruitment of high school athletes. This is a legitimate state purpose. However, equal protection analysis still requires us to "reach and determine the question whether the classifications drawn in a statute are reasonable in light of its purpose." *McLaughlin v. Florida*, 379 U.S. 184, 191, 85 S.Ct. 283, 288, 13 L.Ed.2d 222 (1964).

---

**4.** We are aware of the recent rule change which temporarily suspended the transfer rule for a two-year trial period. Because the change is only temporary the constitutional issues surrounding this case are not moot.

In practical effect, the challenged classification simply does not operate rationally to deter recruitment. The U.I.L. rule is overbroad and over-inclusive. The rule burdens many high school athletes who were not recruited and were forced to move when their family moved for employment or other reasons. The fact that there is no means of rebutting the presumption that all transferring athletes have been recruited illustrates the capriciousness of the rule. The inclusion of athletes who have legitimately transferred with recruited athletes does not further the purpose of the transfer rule. Under strict equal protection analysis the classification must include all those similarly situated with respect to purpose. *Rinaldi v. Yeager*, 384 U.S. 306, 86 S.Ct. 1497, 16 L.Ed.2d 577 (1966). *See Developments in the Law—Equal Protection*, 82 Harv.L. Rev. 1065, 1084 (1969). It is clear that the transfer rule broadly affects athletes who are not similarly situated.

The U.I.L. has a rule which specifically prohibits recruitment of high school athletes. The transfer rule was enacted in addition to this specific rule. The over-inclusiveness and the harshness of the transfer rule is not rationally related to the purpose of preventing recruitment. An exception exists to the transfer rule in regard to seniors. There is no rational reason why the exception given seniors cannot be extended to others. In practical operation the transfer rule excludes from participation in varsity athletics the majority of students who transfer for reasons unrelated to recruitment. The legitimate goal of the transfer rule does not justify the harsh means of accomplishing this goal utilized by the U.I.L.

We hold that the transfer rule violates the equal protection clause of the Constitution, and Sullivan and his class are entitled to the injunctive and declaratory relief sought.

 Because we hold that the transfer rule is unconstitutional, we find it unnecessary to pass on Sullivan's other points attacking the constitutionality of the rule. Sullivan did not assign as error before the court of civil appeals or this court the school officials' affirmative defense of immunity alleged in their motion for summary judgment. We, therefore, affirm that part of the court of civil appeals' judgment which denies Sullivan damages against the four school officials. *City of Deer Park v. State*, 154 Tex. 174, 275 S.W.2d 77 (1955); *Le Jeune v. Gulf States Utilities Co.*, 410 S.W.2d 44 (Tex.Civ.App.—Beaumont 1966, writ ref'd n.r.e.). We reverse that part of the judgment of the court of civil appeals denying injunctive and declaratory relief and remand the case to the trial court for further proceedings concerning the unresolved issue of damages as to the two U.I.L. officials, Rhea Williams and Bailey Marshall, and for rendition of the injunctive and declaratory relief sought consistent with this opinion.

GREENHILL, C. J., concurs in the result.