James Lowry **BEAVERS,**
Jr., et al., Appellants,

v.

**GOOSE CREEK CONSOLIDATED**
**I.S.D., et al., Appellees.**

No. 10–93–116–CV.

Court of Appeals of Texas,
Waco.

Oct. 19, 1994.

Laurence W. Watts, Stephen P. Glover and David M. Valetutto, Watts & Glover, L.L.P., Houston, for appellants.

Jim Ewbank and Cobby A. Caputo, Ewbank & Harris, P.C., Austin, for appellees.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

THOMAS, Chief Judge.

James Beavers, Jr. and Beavers Construction Company, Inc. (Beavers) appeal a summary judgment that dismissed all of their claims against the Goose Creek defendants.[1] We will affirm.

### BEAVERS' PETITION

On November 6, 1990, Beavers sued the defendants and Doc Jones (doing business as Doc Jones Floor Company) for breach of contract and for tortiously violating constitutionally protected liberty and property interests. Beavers generally alleged that his company's troubles began when it hired a former Goose Creek employee, Matt Closs, who had been fired by the school district for allegedly stealing or misusing school district property. As a result, Beavers claimed, the defendants retaliated by: (1) adopting a discriminatory school-board policy aimed solely at him and his company; (2) breaching a contract Beavers Construction had to replace two school gym floors; (3) refusing to allow Beavers Construction to bid on the construction of two portable school buildings; and (4) wrongfully paying Beavers Construction and a subcontractor by a joint check for a roofing

---

1. Goose Creek Consolidated Independent School District, its superintendent, deputy superintendent, officers and board members, and a district employee, Pete Cote. The individuals were sued in their individual and representative capacities.

job on two schools. All causes of action asserted by Beavers, including the constitutional claims, are based on these four alleged acts. According to Beavers, Doc Jones conspired with the defendants in these actions.

## SUMMARY JUDGMENT

On October 30, 1992, the defendants moved for a summary judgment supported by affidavits and other documentary evidence. They based the motion on the following grounds: (1) the individual defendants were not liable in their individual capacities as a matter of law; (2) Beavers released the district from all liability on the roofing contract as a matter of law; (3) the district was not required to publicly bid the portable building project as a matter of law because its cost was less than $10,000 [2]; (4) the district had the right to rescind the gym floor contract as a matter of law because Beavers failed to begin work by the time specified and also failed to give adequate written assurance of due performance; and (5) the district policy regarding former district employees terminated for cause did not create any cause of action in Beavers as a matter of law.

The defendants filed a brief in support of their motion on December 18, the day the summary judgment was heard. No formal response to the motion for summary judgment appears in the appellate record. On December 17 Beavers filed a brief opposing the motion for summary judgment. Beavers filed another motion on December 22, four days after the summary judgment hearing, seeking permission to file "additional" summary judgment evidence, including an affidavit of James Beavers and a supplemental brief, but the motion was denied. On January 26, 1993, without specifying the grounds on which it was granted, the court rendered a summary judgment dismissing all of Beavers' claims against the defendants. Later, the court severed the claims against Jones from those on which it had granted summary judgment.

---

**2.** *See* Tex.Educ.Code Ann. § 21.901(b) (Vernon Supp.1994) (since amended to raise limit to $15,-000).

## GROUNDS NOT ATTACKED ON APPEAL

Beavers raises these points on appeal: (1) the court incorrectly applied the summary judgment standard; (2) the court erred when it denied the motion to reopen the summary judgment evidence; (3) the court erred when it dismissed the contract claims because written adequate assurance was not required; (4) the court erred when it dismissed claims grounded in the federal constitution; (5) the court erred when it dismissed claims grounded in the Texas constitution; and (6) the court erred when it ruled as a matter of law that the individual defendants are entitled to immunity. Beavers failed to attack three grounds on which the defendants moved for summary judgment—(1) the release, (2) the statute that does not require projects to be publicly bid if their cost is under $10,000, and (3) the district policy relating to former employees dismissed for cause did not create any cause of action in Beavers as a matter of law. When the court does not specify the grounds for the summary judgment, as here, the non-movant must attack every ground on which it could have been granted or risk having it summarily affirmed on the unchallenged grounds. *See Sullivan v. University Interscholastic League,* 616 S.W.2d 170, 173 (Tex.1981). We thus affirm the summary judgment on the three grounds that Beavers did not attack by points of error.

## POINTS

We review the summary judgment under the rules in *Nixon v. Mr. Property Management,* 690 S.W.2d 546, 548–49 (Tex. 1985). Beavers argues under the first point that the court incorrectly required them, as non-movants, to rebut the motion for summary judgment before the defendants ever conclusively established that there were no material fact issues. The burden of proof never shifts in a summary judgment proceeding. *Cotton v. Ratholes, Inc.,* 699 S.W.2d 203, 205 (Tex.1985). Thus, a non-movant is not required to respond to the motion or produce any countering evidence, but may

elect to test the legal sufficiency of the summary judgment solely on the evidence supplied by the movant. *McConnell v. Southside School Dist.*, 858 S.W.2d 337, 343 (Tex. 1993) (citing *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex. 1979)). Beavers had no burden to respond at all. Moreover, the record does not reflect any order requiring Beavers to respond or produce evidence. Under the circumstances we overrule point one.

■ Beavers complains in point two that the court abused its discretion when it denied the motion seeking permission to file additional evidence after the summary judgment hearing. We do not have a record of the hearing on the motion to reopen the evidence.

■ A court can allow evidence to be filed after the hearing on the motion and before summary judgment is rendered. TEX. R.CIV.P. 166a(c). Whether to grant such permission is clearly discretionary. *Id.* Because no oral testimony can be received at the summary judgment hearing, a statement of facts is not "appropriate to the purposes of such a hearing." *Clear Creek Basin Authority*, 589 S.W.2d at 677. However, a statement of facts is appropriate to the purposes of the hearing on the motion to reopen the evidence, which was filed four days after the summary judgment hearing. Beavers has the burden on appeal of producing a record sufficient to show error. *See* TEX.R.APP.P. 50(d). Without a statement of facts, he cannot demonstrate that the court abused its discretion when it refused to permit additional evidence to be filed after the hearing on the motion for summary judgment. *See Greenstein v. Burgess Marketing*, 744 S.W.2d 170, 177 (Tex.App.—Waco 1987, writ denied); *also Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 228 (Tex.1991) (Gonzalez, J., concurring). Point two is overruled.

■ Point three is a complaint that the court erred when it granted a summary judgment dismissing the breach-of-contract claim against the school district. The school district supported the motion for a summary judgment with the affidavit of Pete Cote, its director of purchasing. Cote stated in the affidavit that on May 14, 1990, the school district awarded Beavers Construction a contract to replace two gym floors, that time was of the essence in its performance, and that the contractor had to begin performance by August 10, 1990, and complete performance by August 24, 1990. Cote informed Beavers by letter that a failure to begin performance by August 10 would constitute a breach of contract. When Beavers Construction had not begun performance by August 13, 1990, the school district rescinded the contract and awarded it to the next lowest bidder, Doc Jones Floor Company.

■ When time is of the essence to performance, performance must occur within the specified time. *See McKnight v. Renfro*, 371 S.W.2d 740, 745 (Tex.Civ.App.—Dallas 1963, writ ref'd n.r.e.). A material breach of an executory contract gives the injured party the option of rescission. *Allen v. Allen*, 751 S.W.2d 567, 575 (Tex.App.—Houston [14th Dist.] 1988, writ denied) (citing *Cundiff v. McLean & Miller*, 40 Tex. 392, 394–95 (1874)).

The school district conclusively established by Cote's affidavit that time was of the essence in the performance of the gym-floor contract and that Beavers Construction breached the contract by failing to begin performance by the time specified. Thus, the summary judgment evidence conclusively established that the school district had the right to rescind the executory contract for a material breach and that Beavers had no cause of action based on the contract or its rescission. Accordingly, the court properly rendered a summary judgment dismissing Beavers' breach-of-contract claim against the school district.[3] Point three is overruled.

Beavers alleged in the petition that the defendants retaliated against him and Bea-

---

3. Because the school district had the right as a matter of law to rescind the contract for a material breach based on the failure of the contractor to begin performance by the specified time, we need not decide whether it conclusively established the right of rescission based on the failure of the contractor to give written adequate assurance of due performance. *See* TEX.BUS. & COM. CODE ANN. § 2.609 (Tex. UCC) (Vernon 1968).

vers Construction by adopting a discriminatory school-board policy, breaching a contract Beavers Construction held to replace two gym floors, paying Beavers Construction and one of its subcontractors by a joint check, and refusing to allow Beavers Construction to bid on the construction of two portable school buildings. Beavers expressly alleged that the defendants, acting in their official capacities, violated liberty and property interests protected by the Texas constitution, including rights in existing and future contracts, the right to bid on school district projects, and freedom of speech and freedom of association.

Beavers claims in the fourth point that the court erred when it rendered a summary judgment dismissing the cause of action based on the federal constitution. His fifth point is similar, *i.e.*, the court erred when it dismissed the cause of action based on the Texas constitution.

As already noted, Beavers predicates his constitutional-based causes of action on the four specific acts already listed: (1) adoption of a discriminatory school-board policy; (2) wrongful payment of Beavers' subcontractor; (3) refusal to allow competitive bidding on the portable school buildings; and (4) breach of the gym-floor contract. The defendants moved for and were granted a summary judgment dismissing causes of action based on all four acts. We have affirmed the summary judgment dismissing causes of action predicated on the first three acts—*i.e.*, (1) adoption of the board policy did not create any cause of action in Beavers as a matter of law; (2) Beavers had released all causes of

action arising out of the joint payment of Beavers Construction and its subcontractor; and (3) the portable-building contract did not have to be competitively bid as a matter of law because it was under $10,000—because Beavers failed to challenge these grounds on appeal. Likewise, we affirmed the summary judgment on the ground that the school district had the right to rescind the executory gym-floor contract as a matter of law because Beavers had failed to timely perform when time was of the essence.

Thus, we have concluded as a matter of law that the defendants either had the legal right to take the actions on which Beavers' claims are based or that no liability flowed from such actions. Because none of the four acts is actionable, we need not reach Beavers' fourth and fifth points in which he alleges that the court erred when it dismissed causes of action grounded in the federal and state constitutions. Moreover, having affirmed the summary judgment on causes of action based on the four acts of which Beavers complains, we do not reach point six questioning whether the defendants were also entitled to a summary judgment on the ground of immunity.

We affirm the summary judgment.