Wallingford 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00437-CV







David N. Wallingford; Elizabeth L. Wallingford; Martha R. Smith; Evelyn I. Mahan,


Individually and as Independent Executrix of the Estate of Peter J. Mahan;


Malcolm N. Evans; Faye R. Evans; Tom C. Nance;


and Frances O. Nance, Appellants



v.



Providence Lloyds Insurance Company, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT


NO. 138,333-B, HONORABLE RICK MORRIS, JUDGE PRESIDING







 This appeal ensues from a summary judgment granted in favor of Providence
Lloyds Insurance Co. ("Providence"). Appellants advance three points of error, claiming that: 
(1) the trial court abused its discretion by failing to consider appellants' supplemental summary
judgment evidence; (2) material issues of fact preclude summary judgment; and (3) the trial court
erred in overruling appellants' objections to Providence's summary judgment evidence. We will
affirm the trial court's judgment.



BACKGROUND


 This appeal follows a long history of litigation. Appellants, a group of
homeowners in Bell County, originally sued J.D. Blevins and J.D. Blevins, Inc. (jointly,
"Blevins") for faulty construction of their homes' foundations. Blevins held a liability insurance policy with Providence when the homes were built. In February 1987, Providence obtained a
declaratory judgment that Blevins's prospective liability to appellants was not covered by its
insurance policy. Despite this judgment, in April 1987 Providence entered into a non-waiver
agreement with Blevins in which it agreed to continue to defend Blevins in the suit against
appellants. Blevins agreed in turn that "[n]othing done by [Providence] will result in any waiver
of its rights under the policy or [declaratory judgment], or in any liability to Blevins for the
exercising of its rights." Blevins further agreed to release Providence from "any and all liability"
for extra-contractual damages.

 In September 1987, appellants obtained a $588,500 judgment against Blevins,
which Blevins failed to pay. In October 1990, appellants sued Providence directly for payment
of the judgment they had obtained against Blevins. The trial court granted Providence's motion
for summary judgment on these claims in October 1991, which this Court affirmed, holding that
the Providence policy did not cover Blevins's liability to appellants. Wallingford v. Providence
Lloyds Ins. Co., No. 3-92-055-CV (Tex. App.--Austin 1993, writ denied) (not designated for
publication). Contending that appellants' suit was groundless and brought in bad faith, Providence
filed a counterclaim against appellants for court costs and attorney's fees. See Tex. Bus. & Com.
Code Ann. § 17.50(c) (West 1987). In April 1992, with Providence's counterclaim still pending,
appellants supplemented their petition with additional causes of action, alleging that Providence
had breached its duties to Blevins during the course of this litigation. (1)

 On November 12, 1993, Providence moved for summary judgment as to appellants'
remaining causes of action. After appellants responded and the trial court heard arguments on the
motion in December 1993, both parties requested leave to file supplemental summary-judgment
evidence. Before the court ruled on these requests, Providence filed its supplemental summary-judgment evidence to cure technical defects in the evidence it had previously introduced. On
April 11, 1994, the trial court granted both parties' requests to supplement their summary-judgment evidence and granted Providence's motion for summary judgment that same day. Due
to an oversight, the trial court did not advise appellants immediately of these actions. 

 On April 26, 1994, the trial court rendered a final order that appellants take
nothing, and that Providence recover costs from appellants. Appellants filed a "Motion for New
Trial or, Alternatively, Motion for Reconsideration" on May 26, 1994, including the supplemental
summary-judgment evidence they had previously planned to introduce. Appellants re-urged
objections to Providence's summary-judgment evidence in this motion. The court heard
arguments on the motion in late June and denied the motion on July 20, 1994.



DISCUSSION


 Appellants complain in their first point of error that the trial court abused its
discretion in failing to consider their supplemental summary-judgment evidence. Although it is
unclear whether appellants complain of the trial court's failure to consider their supplemental
evidence in ruling on the motion for summary judgment or the motion for new trial, we review
both complaints under an abuse of discretion standard. Jackson v. Van Winkle, 660 S.W.2d 807,
809 (Tex. 1983) (trial court's refusal to grant motion for new trial will not be disturbed unless it
amounted to an abuse of discretion); Beavers v. Goose Creek Consol. Indep. Sch. Dist., 884
S.W.2d 932, 935 (Tex. App.--Waco 1994, no writ) (whether to allow supplemental evidence
following summary-judgment hearing is within trial court's discretion). A trial court abuses its
discretion when it acts in an unreasonable and arbitrary manner or when it acts without reference
to any guiding principles. Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991);
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). This Court may
not reverse for abuse of discretion merely because we disagree with the trial court's decision. 
Buller, 806 S.W.2d at 226; Downer, 701 S.W.2d at 242.

 Appellants' supplemental evidence consisted of approximately nine hundred pages
of depositions, exhibits, and an affidavit. However, none of appellants' pleadings in the trial
court indicated which passages within this mass of documents raised a relevant factual dispute
precluding summary judgment. See Tex. R. Civ. P. 166a(c) (summary judgment evidence must
be referenced in motion or response); Cuellar v. City of San Antonio, 821 S.W.2d 250, 252 (Tex.
App.--San Antonio 1991, writ denied) (depositions are proper summary judgment evidence when
referred to or incorporated in motion); see also I.P. Farms v. Exxon Pipeline Co., 646 S.W.2d
544, 545 (Tex. App.--Houston [1st Dist.] 1982, no writ). 

 At the hearing on appellants' motion for new trial, the trial judge explained that
because appellants had not provided specific references to these documents, he would not have
read them even if they had been available before his ruling on the motion for summary judgment. (2) 
Because appellants failed to provide these references even following the hearing, the court did not
need to consider the proffered evidence in ruling on the motion for new trial. However, even
though the trial court was justified in refusing to conduct an unguided search through these
voluminous documents on appellants' behalf, it appears that the trial court may have considered
appellants' supplemental evidence in ruling on the motion for new trial. After appellants
submitted their supplemental evidence and made their arguments at the hearing, the court stated
that it would "look at this carefully." Viewing the evidence and circumstances in the light most
favorable to the trial court's actions, we find no abuse of discretion and overrule appellants' first
point of error. See Garza v. City of Mission, 684 S.W.2d 148, 154 (Tex. App.--Corpus Christi
1984, no writ).

 In their second point of error, appellants claim that material issues of fact preclude
summary judgment. The party moving for summary judgment has the burden of showing that no
genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Tex.
R. Civ. P. 166a(c); Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548 (Tex. 1985). 
In determining whether a disputed material fact precludes summary judgment, all evidence
favoring the nonmovant will be taken as true. Nixon, 690 S.W.2d at 549. Every reasonable
inference from the evidence will be indulged in favor of the nonmovant, and any doubts will be
resolved in the nonmovant's favor. Id.

 Providence moved for summary judgment on the grounds of res judicata, collateral
estoppel, statute of limitations, release, and exclusion from coverage under the insurance policy.
Because the trial court did not specify the basis for its judgment, we must affirm if the summary
judgment is supported by any theory advanced in the motion. State Farm & Casualty v. S.S., 858
S.W.2d 374, 380 (Tex. 1993). Believing the summary judgment evidence conclusively establishes
that appellants' claims are barred by the statute of limitations, we will uphold the trial court's
judgment.

 Appellants' suit rests on the assertion that Providence breached its duties to Blevins
by monopolizing and manipulating his defense in the liability action, by proposing an agreed
judgment that would render Blevins liable, by refusing a settlement offer within the insurance
policy limits, and by "unconscionably" obtaining Blevins's signature on the non-waiver
agreement. Appellants claim this alleged misconduct constituted: unlawful deceptive trade
practices, see Tex. Bus. & Com. Code Ann. § 17.46(a), (b) (West Supp. 1995); breach of express
or implied warranties, see id. § 17.50(a)(2) (West 1987); engaging in an unconscionable course
of action, see id. § 17.50(a)(3); violation of Article 21.21 of the Texas Insurance Code, see id.
§ 17.50(a)(4); and negligence in failing to use reasonable care to protect its insured. The statute
of limitations for appellants' claims under the Business and Commerce Code is two years. See
id. § 17.565. A two-year limitations period also applies to appellants' negligence claim. See Tex.
Civ. Prac. & Rem. Code Ann. § 16.003 (West 1986); Snyder v. Eanes Indep. Sch. Dist., 860
S.W.2d 692, 699 (Tex. App.--Austin 1993, writ denied). 

 Appellants pleaded the discovery rule in response to Providence's affirmative
defense of limitations. Under the discovery rule, the statute of limitations begins to run when the
plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the facts
giving rise to the cause of action. Burns v. Thomas, 786 S.W.2d 266, 267 (Tex. 1990); see also
Tex. Bus. & Com. Code Ann. § 17.565 (West 1987) (discovery rule applies to causes of action
under chapter 17 of the Business and Commerce Code). The discovery rule, however, has limited
application and "applies only to causes of action that can be characterized as inherently
undiscoverable." Snyder, 860 S.W.2d at 699 (emphasis added). In other words, the discovery
rule applies only when the injured party does not and cannot know of its injury when it occurs. 
Moreno v. Sterling Drug, Inc., 787 S.W.2d 348, 351 (Tex. 1990). The burden on the injured
party to diligently investigate the facts underlying possible causes of action is correspondingly
significant.

 Appellants brought this suit as Blevins's judgment creditors, and thus "stand in the
shoes" of Blevins for discovery rule purposes. As movant for summary judgment, Providence
bore the burden of proving as a matter of law that no issue of material fact exists concerning when
the plaintiff discovered, or exercising reasonable diligence should have discovered, the facts
underlying the cause of action. See Burns, 786 S.W.2d at 267. Because Providence did not
establish Blevins's actual discovery of all facts on which appellants' claims rest, its summary-judgment proof must show that Blevins, exercising reasonable diligence, should have discovered
these relevant facts no later than October 5, 1988. (3) See id.

 Providence's summary-judgment evidence included: the non-waiver agreement
signed by Blevins and a Providence representative, dated April 14, 1987; appellants' offer of
settlement in the liability action against Blevins, filed August 5, 1987; correspondence between
Blevins's attorney and Providence, on which Blevins was copied; the final judgment in the liability
action against Blevins, dated September 17, 1987; and a letter from Steve R. Hampton of
Providence to appellants' attorney declining to pay the judgment against Blevins, dated May 2,
1988. Although Blevins was out of town for a large portion of the trial, he was sent copies of all
correspondence discussing the settlement offers and trial and knew the outcome of the liability
action. An individual whose business has just suffered a substantial liability judgment should, in
the exercise of reasonable diligence, inquire into the events surrounding and leading up to that
judgment. Had Blevins made such an inquiry, he would have learned the essential facts which
form the basis of appellants' causes of action. (4) 

 The summary-judgment evidence shows that by May 2, 1988 Blevins: (1) had
signed a non-waiver agreement in exchange for Providence's continued legal representation; (2)
knew that a large judgment was entered against him; (3) knew Providence was in no way obligated
to pay this judgment and was released from any extra-contractual liability; and (4) was sent copies
of correspondence and knew or should have known of settlement offers made before the judgment. 
Any suspicion of wrongdoing by Providence with regard to Blevins's representation or the non-waiver agreement should have been acted upon, at the latest, when Providence refused to pay the
judgment. Because appellants failed to bring their causes of action until October 4, 1990, their
claims are barred by the statute of limitations. Appellants' second point of error is overruled.

 In their third point of error, appellants complain that the trial court erred in
overruling their objections to portions of Providence's summary-judgment evidence. Because this
evidence has no bearing on our disposition of this cause, we need not reach this point of error.

 The judgment of the trial court is affirmed.



 

 Bea Ann Smith, Justice

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: May 3, 1995

Do Not Publish

1.   Appellants were able to assert these additional causes of action pursuant to a
"turnover" order issued by the trial court. The trial court severed these new claims to
expedite appellate review of those claims presented to this Court in cause No. 3-92-055-CV.
2.   In fact, two of the depositions appellants introduced, those of J.D. Blevins and the
attorney Providence hired to represent him, had been submitted by Providence and were
before the trial court when it granted Providence's motion for summary judgment.
3.   Appellants filed suit against Providence on October 4, 1990; appellants' claims are
time-barred if Blevins should have discovered the facts underlying them more than two
years before that date.
4.   Appellants have attached to their brief an affidavit of J. D. Blevins, which sets out
when Blevins claims to have learned of appellants' and his own attorney's offers to settle
the liability action. However, appellants did not submit this affidavit even as part of their
supplemental evidence in the trial court. The affidavit is therefore not part of the
appellate record, and we cannot consider it. Mitchison v. Houston Indep. Sch. Dist., 803
S.W.2d 769, 771 (Tex. App.--Houston [1st Dist.] 1991, writ denied).


 Furthermore, because our discussion concerns only the discovery rule and statute of
limitations, we express no opinion on the merits of appellants' claims under the facts they
allege.