Clarence Rakestraw v. The State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-243-CR

     CLARENCE RAKESTRAW,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 66th District Court
Hill County, Texas
Trial Court # 27,996
                                                                                                                

O P I N I O N
                                                                                                                

      On August 1, 1987, Clarence Rakestraw pled guilty to the offense of possession of marihuana. 
See Tex. Health & Safety Code Ann. § 481.121 (Vernon Supp. 1998). The court sentenced
him to three years in prison, probated. Over the years, the State filed several motions to revoke
Rakestraw's probation but each time the court continued him on probation. On August 1, 1996,
Rakestraw pled “true” to four allegations in the State's fourth Petition for Revocation. The State
put on evidence on the violation of another condition—that Rakestraw had committed the offense
of driving while intoxicated. 
      Counsel has filed an Anders brief. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396,
18 L.Ed.2d 493 (1967); Wilson v. State, 955 S.W.2d 693 (Tex. App.—Waco 1997) (order
discussing procedures for Anders appeal, revisiting Johnson v. State, 885 S.W.2d 641, 646 (Tex.
App.—Waco 1994, pet. ref’d)). Counsel states that he has diligently reviewed the record and is
of the opinion that the record reflects no reversible error. We have independently reviewed the
record, and we are satisfied that counsel has thoroughly searched the record for any arguable
appellate claim. McCoy v. Court of Appeals of Wisconsin Dist. 1, 486 U.S. 429, 442, 108 S.Ct.
1895, 1904, 100 L.Ed.2d 440 (1988). We have determined that counsel correctly concluded that
the appeal is frivolous. Id.
      Counsel advised Rakestraw that he had the right to review the record and to file a pro-se
response on his own behalf. Rakestraw has not filed a response. See Wilson, 955 S.W.2d at 698. 
Thus, because we have no viable points of error to consider, the judgment is affirmed. 
      We simultaneously grant counsel's motion to withdraw. Id. 
 
                                                                         BILL VANCE
                                                                         Justice


Before Chief Justice Davis,
           Justice Cummings, and
           Justice Vance
Affirmed
Opinion delivered and filed March 11, 1998
Do Not Publish 



iminatory school-board policy aimed solely at him
and his company; (2) breaching a contract Beavers Construction had to replace two school gym
floors; (3) refusing to allow Beavers Construction to bid on the construction of two portable school
buildings; and (4) wrongfully paying Beavers Construction and a subcontractor by a joint check
for a roofing job on two schools. All causes of action asserted by Beavers, including the
constitutional claims, are based on these four alleged acts. According to Beavers, Doc Jones
conspired with the defendants in these actions. 
SUMMARY JUDGMENT
      On October 30, 1992, the defendants moved for a summary judgment supported by affidavits
and other documentary evidence. They based the motion on the following grounds: (1) the
individual defendants were not liable in their individual capacities as a matter of law; (2) Beavers
released the district from all liability on the roofing contract as a matter of law; (3) the district was
not required to publicly bid the portable building project as a matter of law because its cost was
less than $10,000


; (4) the district had the right to rescind the gym floor contract as a matter of
law because Beavers failed to begin work by the time specified and also failed to give adequate
written assurance of due performance; and (5) the district policy regarding former district
employees terminated for cause did not create any cause of action in Beavers as a matter of law.
      The defendants filed a brief in support of their motion on December 18, the day the summary
judgment was heard. No formal response to the motion for summary judgment appears in the
appellate record. On December 17 Beavers filed a brief opposing the motion for summary
judgment. Beavers filed another motion on December 22, four days after the summary judgment
hearing, seeking permission to file "additional" summary judgment evidence, including an
affidavit of James Beavers and a supplemental brief, but the motion was denied. On January 26,
1993, without specifying the grounds on which it was granted, the court rendered a summary
judgment dismissing all of Beavers' claims against the defendants. Later, the court severed the
claims against Jones from those on which it had granted summary judgment.
GROUNDS NOT ATTACKED ON APPEAL
      Beavers raises these points on appeal: (1) the court incorrectly applied the summary judgment
standard; (2) the court erred when it denied the motion to reopen the summary judgment evidence;
(3) the court erred when it dismissed the contract claims because written adequate assurance was
not required; (4) the court erred when it dismissed claims grounded in the federal constitution; (5)
the court erred when it dismissed claims grounded in the Texas constitution; and (6) the court
erred when it ruled as a matter of law that the individual defendants are entitled to immunity. 
Beavers failed to attack three grounds on which the defendants moved for summary judgment—(1)
the release, (2) the statute that does not require projects to be publicly bid if their cost is under
$10,000, and (3) the district policy relating to former employees dismissed for cause did not create
any cause of action in Beavers as a matter of law. When the court does not specify the grounds
for the summary judgment, as here, the non-movant must attack every ground on which it could
have been granted or risk having it summarily affirmed on the unchallenged grounds. See Sullivan
v. University Interscholastic League, 616 S.W.2d 170, 173 (Tex. 1981). We thus affirm the
summary judgment on the three grounds that Beavers did not attack by points of error. 
POINTS
      We review the summary judgment under the rules in Nixon v. Mr. Property Management, 690
S.W.2d 546, 548-49 (Tex. 1985). Beavers argues under the first point that the court incorrectly
required them, as non-movants, to rebut the motion for summary judgment before the defendants
ever conclusively established that there were no material fact issues. The burden of proof never
shifts in a summary judgment proceeding. Cotton v. Ratholes, Inc., 699 S.W.2d 203, 205 (Tex.
1985). Thus, a non-movant is not required to respond to the motion or produce any countering
evidence, but may elect to test the legal sufficiency of the summary judgment solely on the
evidence supplied by the movant. McConnell v. Southside School Dist., 858 S.W.2d 337, 343
(Tex. 1993) (citing City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678 (Tex.
1979)). Beavers had no burden to respond at all. Moreover, the record does not reflect any order
requiring Beavers to respond or produce evidence. Under the circumstances we overrule point
one.
      Beavers complains in point two that the court abused its discretion when it denied the motion
seeking permission to file additional evidence after the summary judgment hearing. We do not
have a record of the hearing on the motion to reopen the evidence.
      A court can allow evidence to be filed after the hearing on the motion and before summary
judgment is rendered. Tex. R. Civ. P. 166a(c). Whether to grant such permission is clearly
discretionary. Id. Because no oral testimony can be received at the summary judgment hearing,
a statement of facts is not "appropriate to the purposes of such a hearing." Clear Creek Basin
Authority, 589 S.W.2d at 677. However, a statement of facts is appropriate to the purposes of the
hearing on the motion to reopen the evidence, which was filed four days after the summary
judgment hearing. Beavers has the burden on appeal of producing a record sufficient to show
error. See Tex. R. App. P. 50(d). Without a statement of facts, he cannot demonstrate that the
court abused its discretion when it refused to permit additional evidence to be filed after the
hearing on the motion for summary judgment. See Greenstein v. Burgess Marketing, 744 S.W.2d
170, 177 (Tex. App.—Waco 1987, writ denied); also Beaumont Bank, N.A. v. Buller, 806 S.W.2d
223, 228 (Tex. 1991) (Gonzalez, J., concurring). Point two is overruled.
      Point three is a complaint that the court erred when it granted a summary judgment dismissing
the breach-of-contract claim against the school district. The school district supported the motion
for a summary judgment with the affidavit of Pete Cote, its director of purchasing. Cote stated
in the affidavit that on May 14, 1990, the school district awarded Beavers Construction a contract
to replace two gym floors, that time was of the essence in its performance, and that the contractor
had to begin performance by August 10, 1990, and complete performance by August 24, 1990. 
Cote informed Beavers by letter that a failure to begin performance by August 10 would constitute
a breach of contract. When Beavers Construction had not begun performance by August 13, 1990,
the school district rescinded the contract and awarded it to the next lowest bidder, Doc Jones Floor
Company.
      When time is of the essence to performance, performance must occur within the specified
time. See McKnight v. Renfro, 371 S.W.2d 740, 745 (Tex. Civ. App.—Dallas 1963, writ ref'd
n.r.e.). A material breach of an executory contract gives the injured party the option of rescission. 
Allen v. Allen, 751 S.W.2d 567, 575 (Tex. App.—Houston [14th Dist.] 1988, writ denied) (citing
Cundiff v. McLean & Miller, 40 Tex. 392, 394-95 (1874)).
      The school district conclusively established by Cote's affidavit that time was of the essence
in the performance of the gym-floor contract and that Beavers Construction breached the contract
by failing to begin performance by the time specified. Thus, the summary judgment evidence
conclusively established that the school district had the right to rescind the executory contract for
a material breach and that Beavers had no cause of action based on the contract or its rescission. 
Accordingly, the court properly rendered a summary judgment dismissing Beavers' breach-of-contract claim against the school district.


 Point three is overruled.
      Beavers alleged in the petition that the defendants retaliated against him and Beavers
Construction by adopting a discriminatory school-board policy, breaching a contract Beavers
Construction held to replace two gym floors, paying Beavers Construction and one of its
subcontractors by a joint check, and refusing to allow Beavers Construction to bid on the
construction of two portable school buildings. Beavers expressly alleged that the defendants,
acting in their official capacities, violated liberty and property interests protected by the Texas
constitution, including rights in existing and future contracts, the right to bid on school district
projects, and freedom of speech and freedom of association. 
      Beavers claims in the fourth point that the court erred when it rendered a summary judgment
dismissing the cause of action based on the federal constitution. His fifth point is similar, i.e., the
court erred when it dismissed the cause of action based on the Texas constitution. 
      As already noted, Beavers predicates his constitutional-based causes of action on the four
specific acts already listed: (1) adoption of a discriminatory school-board policy; (2) wrongful
payment of Beavers' subcontractor; (3) refusal to allow competitive bidding on the portable school
buildings; and (4) breach of the gym-floor contract. The defendants moved for and were granted
a summary judgment dismissing causes of action based on all four acts. We have affirmed the
summary judgment dismissing causes of action predicated on the first three acts—i.e., (1) adoption
of the board policy did not create any cause of action in Beavers as a matter of law; (2) Beavers
had released all causes of action arising out of the joint payment of Beavers Construction and its
subcontractor; and (3) the portable-building contract did not have to be competitively bid as a
matter of law because it was under $10,000—because Beavers failed to challenge these grounds
on appeal. Likewise, we affirmed the summary judgment on the ground that the school district
had the right to rescind the executory gym-floor contract as a matter of law because Beavers had
failed to timely perform when time was of the essence.
      Thus, we have concluded as a matter of law that the defendants either had the legal right to
take the actions on which Beavers' claims are based or that no liability flowed from such actions. 
Because none of the four acts is actionable, we need not reach Beavers' fourth and fifth points in
which he alleges that the court erred when it dismissed causes of action grounded in the federal
and state constitutions. Moreover, having affirmed the summary judgment on causes of action
based on the four acts of which Beavers complains, we do not reach point six questioning whether
the defendants were also entitled to a summary judgment on the ground of immunity.
      We affirm the summary judgment. 
 
                                                                               BOB L. THOMAS
                                                                               Chief Justice
Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Affirmed
Opinion issued and filed October 19, 1994
Publish