Jo COTTON, as Community Survivor and Representative of the Estate of C.D. Cotton, Deceased, and Tommy Cotton, Petitioners,

v.

RATHOLES, INC., et al., Respondents.

No. C–4448.

Supreme Court of Texas.

Oct. 16, 1985.

Rehearing Denied Nov. 27, 1985.

Forrest Bowers, Lubbock, for petitioners.

Rosser and Armstrong, Ernie B. Armstrong, Snyder, for respondents.

PER CURIAM.

This appeal concerns the adequacy of summary judgment proof in a suit for specific performance of a contract. In an unpublished opinion, the court of appeals affirmed the trial court's judgment for Ratholes, Inc., denying specific performance. We grant the application for writ of error and, without hearing oral argument, reverse the judgment of the court of appeals and remand the case to the trial court. Tex.R.Civ.P. 483.

In September, 1980, Ratholes borrowed some $250,000 memorialized by a note payable to Brownfield State Bank & Trust (note # 1). In early October, 1980, Tommy Cotton and his father, C.D. Cotton, signed employment contracts with Ratholes, both of which contained the following provision:

> *Stock bonus. Subsequent to the payment of $250,000.00 indebtedness plus interest which Ratholes, Inc. owes Brownfield State Bank & Trust at this date,* Ratholes, Inc. shall issue to Tommy [or C.D.] sufficient share of its common stock to enable Tommy to own twenty percent (20%) of the outstanding common stock of Ratholes immediately after said issue. Termination of this agreement prior to issuance of this stock causes this paragraph to become null and void. (Emphasis added).

Later that October, Ratholes borrowed an additional $220,000 (note # 2). In January, 1981, the first two notes were combined into a new note with a principal sum of $491,000 (note # 3). In April, 1981, the third note was renewed into a fourth note with a principal sum of $466,504.38 (note # 4).

C.D. Cotton died in October, 1983, at which time $268,078.12 had been paid on note # 4. Tommy Cotton resigned in January, 1984 and this suit was commenced shortly thereafter for specific performance of Ratholes' duty to deliver the stock pursuant to the employment contracts.

The Cottons filed a motion for summary judgment and attached deposition excerpts thereto. Ratholes filed a reply to the Cottons' motion and a cross-motion for summary judgment, with a supporting affidavit. The affidavit supporting Ratholes' motion for summary judgment asserts that "Note 1 and Note 2, as refinanced and renewed into Note 4, have not been paid in full by the makers thereof, namely, Ratholes, Inc."

The trial court erroneously made findings of fact in rendering summary judgment for Ratholes. The court of appeals correctly disregarded the trial court's findings, but affirmed the trial court's judgment based upon its view that the affidavit supporting Ratholes' motion for summary judgment established that the original $250,000 indebtedness (represented by note # 1) had *not* been fully paid.

In *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979), this Court held that the burden of proof in summary judgment proceedings does not shift and that the trial court may *not* grant a summary judgment by default for lack of an answer or response to the motion by the non-movant when the movant's summary judgment proof is legally insufficient. 589 S.W.2d at 678. Because the affidavit in support of Ratholes' motion fails to establish that the original $250,000 debt represented by note # 1 had not been fully paid, the summary judgment proof supporting Ratholes' motion for summary judgment is legally insufficient.

The decision of the court of appeals is in conflict with this court's holding in *Clear Creek.* Therefore, we grant the application for writ of error and, without hearing oral argument, reverse the judgment of the court of appeals and remand the cause to the trial court for further proceedings in conformity with this opinion. Tex.R.Civ.P. 483.