Margie ORTEGA, Appellant,

v.

Art GONZALEZ, Jr. and James Rascoe,
Individually and d/b/a Groc., Inc., d/b/a
Dell Mini Mart, appellees.

No. 08–03–00432–CV.

Court of Appeals of Texas,
El Paso.

June 30, 2005.

Thomas S. Hughes, El Paso, for Appellant.

Steven L. Hughes, Mounce, Green, Myers, Safi & Galatzan, J. Monty Stevens, Stevens and Associates, El Paso, for Appellees.

Before Panel No. 2 BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION

RICHARD BARAJAS, Chief Justice.

This is an appeal from the trial court's granting of a "no-evidence" summary judgment against Appellant. For the reasons stated herein, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant filed a lawsuit against Appellees alleging various torts related to a business partnership that purportedly existed among the parties. Appellant contends that she had entered into a business relationship with Appellees where the parties had agreed to purchase a grocery business. At some time after, not reflected in the record, the parties had a disagreement over the arrangement. Appellant filed suit on August 13, 2002, alleging causes of action based in fraud and forgery, loss of business opportunities, breach of fiduciary duty, intentional infliction of emotional distress, and tortious interference with prospective business relationship. The parties filed requests for disclosure and proceeded with other written discovery. Appellee Gonzalez, individually and d/b/a Groc. Inc. d/b/a Dell Mini Mart filed special exceptions to Appellant's original petition. The appellate record reflects an order granting the special exceptions and providing Appellant with sixty days to replead. The record does not reflect the filing of any amended pleadings if any were filed.

The parties continued to exchange written discovery. Appellee Gonzalez et al, filed a "no-evidence" motion for summary judgment pursuant to Texas Rules of Civil Procedure 166a(i) on May 5, 2003. On May 12, 2003, Appellee Rascoe filed his "no-evidence" motion for summary judgment. Both motions were con-

sidered by the court on May 29, 2003. At the hearing, Appellee Gonzalez apparently presented written objections to the timeliness of Appellant's response to the motion for summary judgment and to the form of the affidavit. Appellee Gonzalez also argued the basis for the objections to the court. The written objection was not included in the appellate record but the order sustaining all the objections is included and provides that the trial court sustained all the objections. Thereafter, the trial court granted the motions for summary judgment in favor of both Appellees. Appellant filed a notice of appeal. We note that Appellant included as an attachment to her brief a copy of a document requesting findings of fact and conclusions of law from the trial court. No proposed findings were included in the record. The copy of the request is not file stamped and no file stamped copy is included in the clerk's record provided. We also note that if the request was properly filed and presented to the trial court, no proposed findings were provided and no notice of past due findings of fact and conclusions of law was filed. Further, we note that normally, findings of fact and conclusions of law have no place in summary judgment proceedings. *Linwood v. NCNB Texas*, 885 S.W.2d 102, 103 (Tex.1994); *Besing v. Moffitt*, 882 S.W.2d 79, 82 (Tex.App.-Amarillo 1994, no writ); *State v. Easley*, 404 S.W.2d 296, 297 (Tex.1966). The failure to make such findings is not error and, if made, they are correctly disregarded by the appellate court. *Cotton v. Ratholes, Inc.*, 699 S.W.2d 203, 204 (Tex.1985).

Appellant has appealed, raising one issue.

## II. *DISCUSSION*

■ In her sole issue on appeal, Appellant complains that the "trial court erred and abused its discretion under the circumstances of this case by granting [Appellees'] Motion for Summary Judgement [sic], as an adequate and reasonable time to conduct discovery was not allowed." The issue does not clearly complain of the erroneous action of the trial court. It appears to complain that the trial court's holding of the hearing was error because Appellant had not had sufficient time to conduct discovery, implying that the hearing should have been postponed or continued. The issue as worded and argued does not attack the merits of the granting of the motions for summary judgment. We note that no motion for continuance was filed and Appellant's response was struck and apparently not considered by the trial court. Further, we observe that any complaint on the merits of the granting of the summary judgment is not briefed nor argued. Appellant's brief only challenges the trial court's failure to allow more time to continue the discovery process. Appellant's brief does not present any argument regarding the substantive reasons why the trial court should have granted her additional time nor does it articulate any evidence to rebut Appellees' motions. Appellant's argument is, in essence, a contention that the "result reached by the trial court is manifestly unfair to [Appellant]."

■ The brief "must contain a succinct, clear, and accurate statement of the arguments made in the body of the brief." Tex.R.App. P. 38.1(g). Rule 38 requires Appellant to provide us with such discussion of the facts and the authorities relied upon as may be requisite to maintain the point at issue. *See Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex.App.-Houston [1st Dist.] 2002, pet. denied); *Franklin v. Enserch, Inc.*, 961 S.W.2d 704, 711 (Tex.App.-Amarillo 1998, no pet.). This is not done by merely uttering brief conclusory state-

ments, unsupported by legal citations. *Tesoro Petroleum Corp.*, 106 S.W.3d at 128. Appellant does not present any case law or argument to support her contention that a continuance was requested and improperly denied. The only cases included in her brief identify the standard of review applicable to a "no-evidence" motion for summary judgment. By presenting such attenuated, unsupported argument, Appellant waives her complaints.

The argument cites to a few cases regarding the general standard of review applicable to a summary judgment but no cases that address Appellant's contention that sufficient time for discovery had not passed. *See* TEX.R.APP. P. 38.1(h); *Stephens v. Dolcefino*, 126 S.W.3d 120, 125–26 (Tex.App.-Houston [1st Dist.] 2003, pet. filed); *Franz v. Katy Indep. Sch. Dist.*, 35 S.W.3d 749, 755 (Tex.App.-Houston [1st Dist.] 2000, no pet.).

 Clearly, in order to complain of the denial of a motion for continuance, the party complaining must have actually requested that a continuance be granted. Here, there is no evidence that Appellant requested a continuance and as such, any complaint regarding the same on appeal is waived. To preserve a complaint for appellate review, a party must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling sought. TEX.R.APP. P. 33.1(a). Issue No. One is thus waived for inadequate briefing and a fail to file a motion below.

Despite determining that Appellant's issue should be overruled as waived, we note, turning to the substantive question of the granting of the no-evidence summary judgments by the trial court, we affirm the trial court's decision. Initially we note that Appellant's minimal response was struck and not considered. We do not know on what basis the trial court struck the response but the order reflects that

Appellee's objections were sustained as filed. Appellant does not complain of this ruling on appeal.

### Standard of Review

██ We apply the usual standard of review for an order granting summary judgment without specifying grounds and find ample evidence to affirm the trial court's decision. Stated conversely, we find no evidence in record that raises a genuine issue of material fact. *See* TEX.R. CIV. P. 166a(i). *See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex.2001). Furthermore, when a trial court's order granting summary judgment does not specify the ground or grounds relied on for the ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious. *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex.1993); *Rogers v. Ricane Enter. Inc.*, 772 S.W.2d 76, 79 (Tex.1989).

The orders granting Appellees' motions do not set out any grounds or make any findings, they merely grant Appellees' motions. Because Appellant's responses to Appellees' motions for summary judgment were struck as untimely, Appellant did not raise any challenges to the motions for summary judgment and therefore may not raise any on appeal. TEX.R. CIV. P. 166a.

Additionally, Appellant contends that she "requested the Court to file Findings of Facts and Conclusions of Law along with a notation in the pleading for then Court's consideration [sic]. The Court failed and refused to comply with the request."

Findings of fact and conclusions of law have no place in summary judgment proceedings. *Linwood*, 885 S.W.2d at 103; *Besing*, 882 S.W.2d at 82; *Easley*, 404 S.W.2d at 297. The failure to make such findings is not error and, if made, they are

correctly disregarded by the appellate court. *Cotton,* 699 S.W.2d at 204. Consequently, any failure to file the findings is irrelevant to this appeal.

Under the "no-evidence summary judgment" rule, the movant may move for summary judgment if, after adequate time for discovery, there is no evidence of one or more essential elements of a claim or defense on which the nonmovant would have the burden of proof at trial. *See* Tex.R. Civ. P. 166a(i). The motion must state the elements as to which there is no evidence and the reviewing court must grant the motion unless the nonmovant produces summary judgment evidence raising a genuine issue of material fact. *See id.* Under the no-evidence summary judgment standard, the party with the burden of proof at trial will have the same burden of proof in a summary judgment proceeding. *See, e.g., Esco Oil & Gas, Inc. v. Sooner Pipe & Supply Corp.,* 962 S.W.2d 193, 197 n. 3 (Tex.App.-Houston [1st Dist.] 1998, pet. denied) (commenting that under Rule 166a(i) "the plaintiff as the nonmovant [has] the burden to raise a triable issue on each element essential to the plaintiff's case against each defendant").

A no-evidence summary judgment is essentially a pretrial directed verdict, and we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. *Marsaglia v. University of Texas, El Paso,* 22 S.W.3d 1, 3–4 (Tex.App.-El Paso 1999, pet. denied); *see also* Hon. David Hittner & Lynne Liberato, Summary Judgments in Texas, 34 Hous. L.Rev. 1303, 1356 (1998). A no-evidence summary judgment is properly granted if the nonmovant fails to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *See* Tex.R. Civ. P. 166a(i); *Merrell Dow Pharmaceuticals, Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex. 1997), *cert. denied,* 523 U.S. 1119, 118 S.Ct. 1799, 140 L.Ed.2d 939 (1998). If the evidence supporting a finding rises to a level that would enable reasonable, fair-minded persons to differ in their conclusions, then more than a scintilla of evidence exists. *Havner,* 953 S.W.2d at 711. Less than a scintilla of evidence exists when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of a fact, and the legal effect is that there is no evidence. *Kindred v. Con/Chem, Inc.,* 650 S.W.2d 61, 63 (Tex.1983).

■ In the case before us, Appellant filed a petition complaining of the conduct of Appellees and alleging various business-related torts. After several months of discovery, Appellees filed their "no-evidence" motions for summary judgment. Appellant did not file any summary judgment evidence to controvert the "no-evidence" motions for summary judgment filed by Appellees. Her response was merely a succession of paragraphs which argued that evidence exists on each issue without stating what evidence exists. The only evidence presented consisted of an affidavit prepared by Appellant consisting of one paragraph that merely articulates that, in Appellant's opinion, the Appellees did certain things that harmed her. If the response had been timely, the affidavit as attached is not sufficient evidence to rebut Appellees' motions. Under Texas Rule of Civil Procedure 166a(i), Appellant has failed to meet her burden to defeat Appellees' "no-evidence" motions for summary judgment. In this case, Appellant, the nonmovant below presented no evidence of the liability of either Appellee in response to the motions filed. The minimal response, even if considered by the trial court, was not sufficient. For the reasons

stated, we affirm the judgment of the trial court and overrule Appellant's issue.

Having overruled Appellant's issue on review, we affirm the judgment of the trial court.