KIMBALL V. SHASE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-04-309-CV

MYRON E. KIMBALL APPELLANT

V.

APPELLEES

COMMONWEALTH LAND TITLE COMPANY  

OF FORT WORTH

------------

FROM THE 48TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Myron E. Kimball appeals from the summary judgment granted by the trial court in favor of Appellee Commonwealth Land Title Company of Fort Worth.  We affirm.

Background

Kimball sued Commonwealth, alleging that Commonwealth induced and encouraged Kimball’s former law partner, Linda Chase, to violate the partnership agreement between Kimball and Chase and set up a competing law practice.  Specifically, Kimball alleged that Commonwealth tortiously interfered with the Kimball-Chase partnership agreement and conspired with Chase to violate the agreement, thereby damaging Kimball.  When Commonwealth took Kimball’s deposition, he further asserted that Commonwealth tortiously interfered with the “fee attorney agreement” between Commonwealth and the Kimball-Chase law firm.   

Commonwealth filed a no-evidence and conventional motion for summary judgment.  Kimball filed a timely response, but failed to serve the response on Commonwealth until two days before the summary judgment hearing.  On Commonwealth’s motion, the trial court struck Kimball’s response.  The trial court then granted Commonwealth’s motion for summary judgment and severed Kimball’s claims against Commonwealth from his claims against other defendants.

On appeal, Kimball argues that the trial court erred by granting Commonwealth’s summary judgment motion.  He does not, however, appeal from the trial court’s order striking his summary judgment response.

Analysis

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant’s claim or defense.  
Tex. R. Civ. P.
 166a(i).  The motion must specifically state the elements for which there is no evidence.  
Id.; Johnson v. Brewer & Pritchard, P.C., 
73 S.W.3d 193, 207 (Tex. 2002).  The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact.  
See
 
Tex. R. Civ. P.
 166a(i) & cmt.; 
Sw. Elec. Power Co. v. Grant, 
73 S.W.3d 211, 215 (Tex. 2002).

In its motion for summary judgment, Commonwealth specifically asserted that Kimball could produce no evidence of the following essential elements of intentional interference and conspiracy: (1) intent to interfere with the partnership agreement, (2) actual breach of the partnership agreement, (3) that Commonwealth was a stranger to the fee attorney agreement, (4) a meeting of minds, and (5) an overt, unlawful act in furtherance of the conspiracy.
(footnote: 2)  
See Prudential Ins. Co. v. Fin. Review Servs.
, 29 S.W.3d 74, 77 (Tex. 2000) (listing essential elements of tortious interference);
 Holloway v. Skinner, 
898 S.W.2d 793, 794-95 (Tex. 1995)
 
(holding that only a stranger to a contract may tortiously interfere with that contract);
 Massey v. Armco Steel Co.
, 652 S.W.2d 932, 934 (Tex. 1983) (listing elements of civil conspiracy).  Commonwealth also asserted that Kimball could produce no evidence of damages. 

We have reviewed the summary judgment record.  We find no evidence to support the essential elements challenged by Commonwealth.  Kimball’s brief on appeal does not identify any such evidence in the record.  
See 
Tex. R. App. P.
 38.1(f), (h) (providing that briefs must contain appropriate citations to the record).  Kimball’s summary judgment response appears in the record, but we may not consider his response because the trial court ordered it struck and Kimball does not challenge that order on appeal.  
See
 
Ortega v. Gonzalez,
 166 S.W.3d 917, 920 (Tex. App.—El Paso 2005, no pet.).

We therefore hold that the trial court did not err by granting Commonwealth’s no-evidence motion for summary judgment.  We overrule Kimball’s first three issues.

In his fourth issue, Kimball argues that Commonwealth prevented him from producing summary judgment evidence by refusing to answer discovery.  The record does not contain the alleged discovery requests or answers.  Nor does the record show that Kimball brought this complaint to the attention of the trial court by, for example, a motion to compel or a motion for continuance.  
To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a); 
see also
 
Tex. R. Evid.
 103(a)(1).  If a party fails to do this, error is not preserved, and the complaint is waived.  
Bushell v. Dean
, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh’g)
.  We hold that Kimball failed to preserve his discovery complaint for our review and overrule his fourth issue.

Conclusion

Having overruled Kimball’s four issues, we affirm the judgment of the trial court.  We deny Commonwealth’s request for sanctions. 

ANNE GARDNER

JUSTICE

PANEL A: LIVINGSTON, HOLMAN, and GARDNER, JJ.

DELIVERED:  March 16, 2006

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Commonwealth also moved for a conventional summary judgment based on the two-year statute of limitations.