COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-04-309-CV

 

 

MYRON E. KIMBALL                                                             APPELLANT

 

                                                   V.

 

                                                                                         APPELLEES

COMMONWEALTH
LAND TITLE COMPANY  

OF
FORT WORTH

 

                                              ------------

 

            FROM
THE 48TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Myron E. Kimball
appeals from the summary judgment granted by the trial court in favor of
Appellee Commonwealth Land Title Company of Fort Worth.  We affirm.

 








                                            Background

Kimball sued Commonwealth,
alleging that Commonwealth induced and encouraged Kimball=s former law partner, Linda Chase, to violate the partnership
agreement between Kimball and Chase and set up a competing law practice.  Specifically, Kimball alleged that
Commonwealth tortiously interfered with the Kimball-Chase partnership agreement
and conspired with Chase to violate the agreement, thereby damaging
Kimball.  When Commonwealth took Kimball=s deposition, he further asserted that Commonwealth tortiously
interfered with the Afee attorney
agreement@ between
Commonwealth and the Kimball-Chase law firm.  


Commonwealth filed a
no-evidence and conventional motion for summary judgment.  Kimball filed a timely response, but failed
to serve the response on Commonwealth until two days before the summary
judgment hearing.  On Commonwealth=s motion, the trial court struck Kimball=s response.  The trial court
then granted Commonwealth=s motion for
summary judgment and severed Kimball=s claims against Commonwealth from his claims against other
defendants.

On appeal, Kimball argues
that the trial court erred by granting Commonwealth=s summary judgment motion.  He
does not, however, appeal from the trial court=s order striking his summary judgment response.








                                               Analysis

After an adequate time for
discovery, the party without the burden of proof may, without presenting
evidence, move for summary judgment on the ground that there is no evidence to
support an essential element of the nonmovant=s claim or defense.  Tex. R. Civ. P. 166a(i).  The motion must specifically state the
elements for which there is no evidence. 
Id.; Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d 193, 207
(Tex. 2002).  The trial court must grant
the motion unless the nonmovant produces summary judgment evidence that raises
a genuine issue of material fact.  See
Tex. R. Civ. P. 166a(i) &
cmt.; Sw. Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002).








In its motion for summary
judgment, Commonwealth specifically asserted that Kimball could produce no
evidence of the following essential elements of intentional interference and
conspiracy: (1) intent to interfere with the partnership agreement, (2) actual
breach of the partnership agreement, (3) that Commonwealth was a stranger to
the fee attorney agreement, (4) a meeting of minds, and (5) an overt, unlawful
act in furtherance of the conspiracy.[2]  See Prudential Ins. Co. v. Fin. Review
Servs., 29 S.W.3d 74, 77 (Tex. 2000) (listing essential elements of
tortious interference); Holloway v. Skinner, 898 S.W.2d 793, 794-95
(Tex. 1995) (holding that only a stranger to a contract may tortiously
interfere with that contract); Massey v. Armco Steel Co., 652 S.W.2d
932, 934 (Tex. 1983) (listing elements of civil conspiracy).  Commonwealth also asserted that Kimball could
produce no evidence of damages. 

We have reviewed the summary
judgment record.  We find no evidence to
support the essential elements challenged by Commonwealth.  Kimball=s brief on appeal does not identify any such evidence in the
record.  See Tex. R. App. P. 38.1(f), (h) (providing
that briefs must contain appropriate citations to the record).  Kimball=s summary judgment response appears in the record, but we may not
consider his response because the trial court ordered it struck and Kimball
does not challenge that order on appeal. 
See Ortega v. Gonzalez, 166 S.W.3d 917, 920 (Tex. App.CEl Paso 2005, no pet.).

We therefore hold that the
trial court did not err by granting Commonwealth=s no-evidence motion for summary judgment.  We overrule Kimball=s first three issues.








In his fourth issue, Kimball
argues that Commonwealth prevented him from producing summary judgment evidence
by refusing to answer discovery.  The
record does not contain the alleged discovery requests or answers.  Nor does the record show that Kimball brought
this complaint to the attention of the trial court by, for example, a motion to
compel or a motion for continuance.  To preserve a
complaint for our review, a party must have presented to the trial court a
timely request, objection, or motion that states the specific grounds for the
desired ruling, if they are not apparent from the context of the request,
objection, or motion.  Tex. R. App. P. 33.1(a); see also
Tex. R. Evid. 103(a)(1).  If a party fails to do this, error is not
preserved, and the complaint is waived.  Bushell
v. Dean, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh=g).  We hold that Kimball failed
to preserve his discovery complaint for our review and overrule his fourth
issue.

                                                        Conclusion

Having overruled Kimball=s four issues, we affirm the judgment of the trial court.  We deny Commonwealth=s request for sanctions. 

 

 

 

ANNE GARDNER

JUSTICE

 

PANEL
A:   LIVINGSTON, HOLMAN, and GARDNER, JJ.

 

DELIVERED:  March 16, 2006











[1]See Tex. R. App. P. 47.4.





[2]Commonwealth
also moved for a conventional summary judgment based on the two-year statute of
limitations.