IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00142-CV

 

Theron Belton,

                                                                      Appellant

 v.

 

Texas Department of 

Criminal Justice,

                                                                      Appellee

 

 



From the 278th District Court

Madison County, Texas

Trial Court No. 01-9649-278-10A

 



MEMORANDUM  Opinion










 

      Belton appeals the trial
court’s summary judgment in favor of the Texas Department of Criminal Justice
(“the Department” or “TDCJ”).  We affirm.

      Belton’s first issue is
“whether adequate time for discovery had passed and whether there was no
outstanding discovery left to be completed.”  (Br. at 1, 3); see Tex. R. Civ. P. 166a(i).

      “As a prerequisite to
presenting a complaint for appellate review, the record must show that
. . . the complaint was made to the trial court by a timely request,
objection, or motion that . . . complied with the requirements of the
. . . Texas Rules of Civil or Appellate Procedure
. . . .”  Tex. R. App. P.
33.1(a).  The Rules of Civil Procedure require that “[w]hen a party contends
that it has not had adequate opportunity for discovery before a summary
judgment hearing, it must file either an affidavit explaining the need for
further discovery or a verified motion for continuance.”  Tenneco, Inc. v.
Enter. Prods. Co., 925 S.W.2d 640, 647 (Tex. 1996) (citing Tex. R. Civ. P. 166a(g), 251-52); see
Tex. R. Civ. P. 166a(i); Dornberg
v. Toyota Motor Sales USA, Inc., No. 13-03-00620-CV, 2006 Tex. App. LEXIS
1291, at *11 (Tex. App.—Corpus Christi Feb. 16, 2006, no pet.) (mem. op.); Ortega
v. Gonzalez, 166 S.W.3d 917, 920 (Tex. App.—El Paso 2005, no pet.).  Belton
does not point to such an affidavit or verified motion for continuance in the
record.  Belton failed to preserve his complaint for appellate review.  We
overrule Belton’s first issue.

      Belton’s second issue is
“whether the trial court erred and abused its discretion in granting
Defendant’s motion for summary judgment on the basis of the heightened
liability standard of Tex. Gov’t. Code § 497.096 of its affirmative
defense of sovereign immunity.”  ([sic] Br. at 1-2, 12); see Tex. Gov’t Code Ann. § 497.096
(Vernon 2004).  

      In a traditional motion for
summary judgment, “[t]he judgment sought shall be rendered forthwith if” the
summary-judgment evidence, including “discovery responses referenced or set
forth in the motion . . . , show[s] that . . . there
is no genuine issue as to any material fact and the moving party is entitled to
judgment as a matter of law . . . .”  Tex. R. Civ. P. 166a(c); see Browning v. Prostok, 165
S.W.3d 336, 344 (Tex. 2005); Randall’s Food Mkts. v. Johnson, 891 S.W.2d
640, 644 (Tex. 1995).  “In reviewing a trial court’s summary judgment, we
resolve all doubts against the movant, and we view the evidence in the light
most favorable to the nonmovants.”  Shah v. Moss, 67 S.W.3d 836, 842 (Tex. 2001); accord Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985); see Creditwatch, Inc. v. Jackson, 157 S.W.3d 814, 816 n.7 (Tex. 2005).

      Texas
Government Code Section 497.096 provides:

      An employee of the Texas Department of
Criminal Justice . . . is not liable for damages arising from an act
or failure to act . . . in connection with an inmate or offender
programmatic or nonprogrammatic activity, including work, community services,
educational, and treatment activities, if the act or failure to act was not
intentional, wilfully or wantonly negligent, or performed with conscious
indifference or reckless disregard for the safety of others.

Tex. Gov’t
Code Ann. § 497.096.  We
assume without deciding that Section 497.096 governs Belton’s claims.  

      The Department points to Belton’s
responses to requests for admissions, in which Belton admitted that he did “not
claim that TDCJ employees acted intentionally, willfully, wantonly or with
conscious indifference . . . in relation to the incident made the
basis of th[e] suit.”  (1 Supp. C.R. at 16-17.)  Viewing the evidence in the
light most favorable to Belton, we hold that the trial court did not err in
finding that there was no genuine issue of material fact under Section 497.096
and that the Department was entitled to judgment as a matter of law on Belton’s
negligence claim.  We overrule Belton’s second issue.

      Belton’s third issue is
“whether the trial court erred and abused its discretion in granting summary
judgment for (TDCJ) on the basis that Plaintiff’s DTPA claims are improper.”  ([sic]
 Br. at 2, 16); see Tex. Bus.
& Comm. Code Ann. §§ 17.41-17.63 (Vernon 2002 & Supp. 2006)
(Deceptive Trade Practices–Consumer Protection Act) (DTPA).  

      On appeal, the Department
argues that the trial court lacked subject-matter jurisdiction over Belton’s
DTPA claims.  “Subject matter jurisdiction is an issue that may be raised for
the first time on appeal; it may not be waived by the parties.”  Tex. Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 445 (Tex. 1993).  “[S]overeign immunity from suit deprives a trial court of subject-matter
jurisdiction.”  Reata Constr. Corp. v. City of Dallas, 197 S.W.3d 371,
374 (Tex. 2006).  A state agency may raise sovereign immunity for the first
time on appeal.  Tex. Workers’ Comp. Comm’n v. Horton, 187 S.W.3d 282,
285 (Tex. App.—Beaumont 2006, no pet.); Brown v. City of Houston, 8
S.W.3d 331, 335, 337 (Tex. App.—Waco 1999, pet. denied) (Gray, J.,
concurring).  

      “[A] statute shall not be
construed as a waiver of sovereign immunity unless the waiver is effected by
clear and unambiguous language.”  Tex.
Gov’t Code Ann. § 311.034 (Vernon Supp. 2006); see Tooke v. City
of Mexia, 197 S.W.3d 325, 328-29 (Tex. 2006).  “[T]he DTPA [does not]
clearly and unambiguously provide[] for a waiver of immunity from suit for governmental
units.”  Univ. of Houston v. Simons, No. 01-02-00368-CV, 2002 Tex. App. LEXIS 7598, at *7 (Tex. App.—Houston [1st Dist.] Oct. 24, 2002, no pet.) (not
designated for publication); see Kerrville HRH, Inc. v. City of Kerrville, 803 S.W.2d 377, 382 (Tex. App.—San Antonio 1990, writ denied).  

      The trial court lacked
subject-matter jurisdiction over Belton’s DTPA claims against the Department. 
We dismiss Belton’s DTPA claims with prejudice.

      Belton’s fourth issue is
“whether the trial court erred on TDCJ’s failure to supervise and detect
alleges a condition or use of property.”  ([sic] Br. at 24; see id. at
2.)  

      An appellant’s “brief must
contain a clear and concise argument for the contentions made, with appropriate
citations to authorities and to the record.”  Tex.
R. App. P. 38.1(h).  In “appeals in civil cases, . . . failure
to advance legal analysis, legal citations, and appropriate references to the
record will serve as the foundation for waiver of such complaints on appeal.”  In
re Rose, 144 S.W.3d 661, 676 (Tex. Rev. Trib. 2004), aff’d, 48 Tex. Sup. Ct. J. 104 (Tex. Nov. 5, 2004); see Fredonia State Bank v. Gen. Am. Life Ins.
Co., 881 S.W.2d 279, 284 (Tex. 1994); In re R.E., No.
10-05-00126-CV, 2006 Tex. App. LEXIS 2594, at *9 (Tex. App.—Waco Mar. 29, 2006,
no pet.) (mem. op.) (termination of parent-child relationship); Batto v.
Gafford, 119 S.W.3d 346, 350 (Tex. App.—Waco 2003, no pet.).

      Belton’s
argument on the issue in its entirety is as follows:

      Appellant asserts that V.T.C.A., Civ. Prac.
& Rem. Code § 101.021(2) is explicitly clear on the needed
requirements for (TDCJ) to be liable for its employee’s negligent conduct
(condition or use of tangible or real property), and a employees negligent
failure to supervise and detect is just a derivative of what it takes to make
(TDCJ) liable. V.T.C.A., Civ. Prac. & Rem. Code § 101.021(2). 
Therefore, this claim or defense is not applicable because it has no merit.

([sic] Br. at 24-25); see Tex. Civ. Prac. & Rem. Code Ann.
§ 101.021(2) (Vernon 2005). Belton’s fourth issue is inadequately
briefed.  We overrule Belton’s fourth issue.[1] 

      Having
overruled Belton’s issues, we dismiss Belton’s DTPA claims with prejudice, and
otherwise affirm.

TOM GRAY

Chief Justice

Before Chief Justice Gray,

      Justice Vance, and

      Justice Reyna

Affirmed

Opinion delivered and filed February 14, 2007

[CV06] 









            [1] We
note, moreover, that 

negligent supervision, without more, does not
constitute a “use” of personal property that would waive . . .
liability under section 101.021(2), else the failure to prevent any accident
that involves tangible personal property would come within the statute’s
purview.  “Such a result would be tantamount to abolishing governmental
immunity, contrary to the limited waiver the Legislature clearly intended.”  

Tex. A & M Univ. v. Bishop, 156 S.W.3d
580, 583 (Tex. 2005) (quoting Kerrville State Hosp. v. Clark, 923 S.W.2d
582, 585 (Tex. 1996)); see Tex.
Civ. Prac. & Rem. Code Ann. § 101.021(2).