# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00376-CV

**Elizabeth Louise Handley, Appellant**

**v.**

**Marian C. Bloss, Appellee**

### FROM COUNTY COURT AT LAW NO. 1 OF BURNET COUNTY
### NO. C3206, HONORABLE W. R. SAVAGE, JUDGE PRESIDING

## C O N C U R R I N G   O P I N I O N

I join in Justice Puryear's opinion to the extent it holds that Handley waived two of her appellate challenges to the summary judgment—that the fee agreement did not authorize Bloss to "revoke" the $3,200 in billing discounts, and if it did, it imposes an unenforceable penalty—because Handley did not raise these grounds for denying summary judgment in a timely written response to Bloss's motion. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). In the view that these were the only grounds that Handley raises on appeal, Justice Puryear would award damages to Bloss to sanction Handley for filing a frivolous appeal. If these were in fact the only grounds Handley presented on appeal, I might be inclined to join that portion of Justice Puryear's opinion. However, Handley also complains that Bloss's summary-judgment evidence was "inconsistent" with respect to whether she owes Bloss $6,138.23 or the

full $9,338.23. I agree with Justice Patterson that this complaint is in the nature of a challenge to the legal sufficiency of Bloss's summary-judgment proof that can be raised for the first time on appeal. *See id.*

Justice Puryear acknowledges that Handley contends Bloss's summary-judgment proof is "inconsistent," but concludes that Handley nonetheless failed to challenge the legal sufficiency of Bloss's summary-judgment proof because Handley did not explicitly refer to "legal insufficiency" or cite specific authorities for the concept that "inconsistent evidence is legally insufficient to support summary judgment." While Handley's briefing is admittedly sparse, the substance of her contention is straightforward—Bloss is not entitled to summary judgment for the full $9,338.23 because she failed to conclusively establish that Handley owed her that entire amount as opposed to the $6,138.23 that Bloss had originally billed. This is a challenge to the legal sufficiency of Bloss's summary-judgment proof that Handley can raise for the first time on appeal. *See M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 22-23 (Tex. 2000) (per curiam); *Cotton v. Ratholes, Inc.*, 699 S.W.2d 203, 204-05 (Tex. 1985) (per curiam). Further, Handley's challenge has some colorable legal and factual basis—there is evidence that Bloss originally charged Handley $6,138.23 and not the full $9,338.23—and, therefore, does not rise to the level of frivolousness.

I agree with Justice Puryear that Handley ultimately does not prevail on this contention because Bloss's undisputed summary-judgment proof establishes that she provided Handley $9,338.23 in unpaid reasonable and necessary legal services and that the $3,200 discrepancy represented discounts on hours, and because the mere fact Bloss originally discounted some of

2

her hours does not in itself raise a fact issue as to the reasonableness and necessity of the $9,338.23 amount. Justice Patterson reaches a similar conclusion. Consequently, I concur in the judgment affirming the summary judgment. However, because I differ with Justice Puryear's core contention that Handley advances only unpreserved arguments on appeal, and because Handley's challenge to the "inconsistency" of Bloss's summary-judgment evidence, while ultimately unsuccessful, is not frivolous, I concur with Justice Patterson in the judgment denying Bloss's motion for damages.

_____

Bob Pemberton, Justice

Before Justices Patterson, Puryear and Pemberton

Filed: February 5, 2010

3