**Opinion issued October 29, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-12-00938-CV

_____

**FRED SAMSON, Appellant**

**V.**

**JOHN JAMES GARZA, Appellee**

---

**On Appeal from the 269th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2010-70635**

---

## MEMORANDUM OPINION

Fred Samson appeals the trial court's summary judgments in favor of John James Garza on Samson's claims of negligence and intentional infliction of emotional distress arising out of an incident in which Samson's bike collided with

Garza's car. We hold that the trial court correctly granted summary judgment on Samson's claims. Accordingly, we affirm.

## Background

On October 25, 2008, Samson and Garza collided at the intersection of Cavalcade and Irvington in Houston, Texas. Samson was cycling west on Cavalcade and Garza was driving south on Irvington. Harris County Constable Diane Medina was also driving south on Irvington, at least one car behind Garza. Medina did not see the collision, but she did see that Garza had a green light when he entered the intersection.

Following the collision, Samson sued Garza for negligence and intentional infliction of emotional distress. Garza filed two motions for summary judgment. The first, filed October 28, 2011, was a no-evidence motion on Samson's negligence claim in which Garza asserted Samson could adduce no evidence of any of the elements of negligence. In response, Samson filed his own affidavit, dated November 14, 2011, in which he answered that he planned to add Medina as a party. On November 22, 2011, Samson also moved to continue the summary judgment hearing, but the trial court granted Garza's motion and dismissed both of Samson's claims with prejudice, without ruling on Samson's motion for continuance. The trial court later granted Samson a new trial on his claim for

intentional infliction of emotional distress, which was not addressed in Garza's first summary judgment motion.

On April 4, 2012, Garza filed a second motion for summary judgment. This one was a traditional and no-evidence motion on Samson's intentional infliction of emotional distress claim. The motion asserted that Samson had no evidence of any of the elements of intentional infliction of emotional distress. In response, Samson offered a new affidavit, dated June 15, 2012, in which he averred that Garza caused the collision by running a red light. After Samson obtained a continuance of the summary judgment hearing, the trial court granted summary judgment on Samson's intentional infliction of emotional distress claim and entered a final judgment. Samson filed a second motion for new trial, which was overruled by operation of law.

## Discussion

Before turning to the merits of the summary judgments, we address Samson's complaint that the trial court abused its discretion in refusing to continue the December 2, 2011 summary judgment hearing.

### A. Did the Trial Court Abuse its Discretion by Refusing to Grant Samson's Motion for Continuance?

Samson contends that the trial court abused its discretion in failing to grant his motion to continue the hearing on Garza's first summary judgment motion. Samson's motion asserted that the discovery period had not ended and that he

3

needed additional time to conduct discovery. In his affidavit in support of the continuance, Samson averred that he needed "additional time to serve discovery request[s] to defendant John Garza," and "to prepare[] [the] ca[]se for Trial by Jury on damages issues." The trial court did not rule on Samson's motion; it thus impliedly denied Samson's motion for continuance. *West v. SMG*, 318 S.W.3d 430, 436 (Tex. App.—Houston [1st Dist.] 2010, no pet.).

"A party may move for a no-evidence summary judgment only '[a]fter adequate time for discovery.'" *Specialty Retailers, Inc. v. Fuqua*, 29 S.W.3d 140, 145 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (citing TEX. R. CIV. P. 166a(i)). "An adequate time for discovery is determined by the nature of the cause of action, the nature of the evidence necessary to controvert the no-evidence motion, and the length of time the case had been active in the trial court." *Id.* In determining whether adequate time for discovery passed, we examine the following factors: (1) the nature of the case; (2) the nature of evidence necessary to controvert the no-evidence motion; (3) the length of time the case was active; (4) the amount of time the no-evidence motion was on file; (5) whether the movant had requested stricter deadlines for discovery; (6) the amount of discovery that has already taken place; and (7) whether the discovery deadlines in place were specific or vague. *Brewer & Pritchard, P.C. v. Johnson*, 167 S.W.3d 460, 467 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). We review the trial court's

4

determination that an adequate time for discovery passed in granting a no-evidence summary judgment motion for an abuse of discretion. *Specialty Retailers*, 29 S.W.3d at 145.

Samson filed his original petition on October 25, 2010. The docket control order required the parties to set summary judgment motions for hearing or submission by January 6, 2012, and set the close of the discovery period on January 20, 2012. There is no indication in the record that Garza requested stricter deadlines for discovery. Garza filed his first motion for summary judgment on October 28, 2011, by which time Samson had had a year to conduct discovery, and less than three months remained before discovery closed. The motion was on file for over a month before the trial court granted it. The record does not reveal what, if any, discovery Samson conducted during the year that the case had been pending, and Samson did not specify what discovery he wanted to conduct or why he had not conducted it earlier. Finally, this case is not complex, and the evidence Samson needed to defeat Garza's summary judgment motion was largely in Samson's control, not Garza's. Considering all of these factors, we conclude that Samson failed to demonstrate that the trial court abused its discretion by refusing to grant Samson's motion for continuance before granting Garza's first summary judgment motion on December 2, 2011. *Madison v. Williamson*, 241 S.W.3d 145, 155–56 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (holding trial court did

5

not abuse its discretion in determining that adequate time for discovery had elapsed on appellant's negligence claims and granting appellee's no-evidence motion for summary judgment where case had been pending for over one year at time court granted summary judgment and appellant made no effort to specify additional evidence needed to respond to motion or reason could not obtain it during discovery period); *Rest. Teams Int'l, Inc. v. MG Secs. Corp.*, 95 S.W.3d 336, 341 (Tex. App.—Dallas 2002, no pet.) (finding trial court did not abuse its discretion by granting no-evidence motion for summary judgment before discovery period ended where appellants filed motion for continuance, but did not explain why they failed to present evidence opposing summary judgment motion or explain how they attempted to participate in discovery while case was pending).

We thus turn to the merits of the trial court's orders granting summary judgment.

### B. Did the Trial Court Err by Granting Garza's Motions for Summary Judgment?

### 1. Standard of Review

"We review a trial court's summary judgment de novo." *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). "We review the evidence presented in the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable

6

jurors could not." *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). "When a party has filed both a traditional and a proper no-evidence summary judgment motion, we first review the trial court's summary judgment under the no-evidence standard of Texas Rule of Civil Procedure 166a(i)." *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 375 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) (citing *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004)).

"To prevail on a no-evidence motion for summary judgment, the movant must establish that there is no evidence to support an essential element of the non-movant's claim on which the nonmovant would have the burden of proof at trial." *Id.* (citing TEX. R. CIV. P. 166a(i); *Hahn v. Love*, 321 S.W.3d 517, 523–24 (Tex. App.—Houston [1st Dist.] 2009, pet. denied)). "The burden then shifts to the nonmovant to present evidence raising a genuine issue of material fact as to each of the elements specified in the motion." *Id.*; *see also Hahn*, 321 S.W.3d at 523. "'The trial court must grant the motion unless the nonmovant produces more than a scintilla of evidence raising a genuine issue of material fact on the challenged elements.'" *Essex Crane Rental*, 371 S.W.3d at 376 (quoting *Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp.*, 994 S.W.2d 830, 834 (Tex. App.—Houston [1st Dist.] 1999, no pet.)).

7

## 2. Samson's Negligence claim

"The elements of a negligence cause of action are the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach." *Rodriguez-Escobar v. Goss*, 392 S.W.3d 109, 113 (Tex. 2013) (quoting *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004)). "Proximate cause has two components: (1) foreseeability and (2) cause-in-fact." *Id.* "For a negligent act or omission to have been a cause-in-fact of the harm, the act or omission must have been a substantial factor in bringing about the harm, and absent the act or omission—*i.e.,* but for the act or omission—the harm would not have occurred." *Id.* (citing *Park Place Hosp. v. Estate of Milo*, 909 S.W.2d 508, 511 (Tex. 1995)).

In his no-evidence motion for summary judgment, Garza contended Samson had no evidence of any of the elements of negligence. *See Rodriguez-Escobar*, 392 S.W.3d at 113. The burden then shifted to Samson to produce more than a scintilla of evidence supporting each element. *See Essex Crane Rental*, 371 S.W.3d at 375–76.

On November 14, 2011, Samson filed a response and supporting affidavit complaining of Garza's untimely appearance in the suit and stating Samson's intent to add Medina as a party. Samson averred:

> "I am the plaintiff in this entitled and numbered cause[], and [I] move[] the court To Deny opposite party attorneys of record [] request

8

of No[-]Evidence Summary Judgment because his request is without merit[.] Attorneys of record did not respons[d] in timely ma[nn]er when John James Garza was re-serve with service of process someday in April.

"Now [i]t is November and defendant request No-Evidence Summary Judgment however Plaintiff reserve[s] his legal right to add additional party[.] Fifth Amended Constitutional guaranteed Trial by Jury[.] Plaintiff made payment and request[ed] Trial by Jury in his Original Petition.

"Because [Plaintiff] was discriminated bas[ed] o[n] his native origin by Deputy Constable Medina Diana he will add[] her as [a] co-defendant and will ask for 5 million Dollars[], t[r]ier of facts are jury to decide.

(CR 127).

Samson did not address, let alone adduce evidence of, any of the elements of negligence. Because Samson failed to raise a fact issue on each of the elements of negligence, the trial court properly granted summary judgment in favor of Garza on that claim. *See Essex Crane Rental*, 371 S.W.3d at 376.

C.    **Samson's claim for Intentional Infliction of Emotional Distress**

"To recover damages for intentional infliction of emotional distress, a plaintiff must establish that: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe." *Hoffmann-LaRoche Inc. v. Zeltwanger*, 144 S.W.3d 438, 445 (Tex. 2004). To establish the defendant acted intentionally or recklessly, the

9

plaintiff must prove that "severe emotional distress" was "the intended consequence or primary risk" of the defendant's actions. *Vaughn v. Drennon*, 372 S.W.3d 726, 732 (Tex. App.—Tyler 2012, no pet.) (quoting *Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 67 (Tex. 1998)). To establish the defendant's conduct was extreme and outrageous, the plaintiff must prove the defendant's conduct was "beyond all possible bounds of decency" and "utterly intolerable in a civilized community." *Id.* (quoting *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993)). To establish severe emotional distress, the plaintiff must prove "a high degree of mental pain . . . that is more than mere worry, anxiety, vexation, embarrassment, or anger." *Id.* (quoting *Parkway Co. v. Woodruff*, 901 S.W.2d 434, 444 (Tex. 1995)). "'Severe emotional distress' means distress so severe one could expect no reasonable person to endure it." *Elliott v. Methodist Hosp.*, 54 S.W.3d 789, 797 (Tex. App.—Houston [1st Dist.] 2001, pet. denied).

In his no-evidence motion for summary judgment, Garza contended Samson could adduce no evidence of any of the elements of the claim. The burden then shifted to Samson to produce more than a scintilla of evidence to support each element. *See Essex Crane Rental*, 371 S.W.3d at 375–76; *see also Hoffmann-LaRoche*, 144 S.W.3d at 445 (describing what elements non-movant must show to adduce evidence of intentional infliction of emotional distress).

10

Samson filed a response with a supporting affidavit. But Samson's affidavit did not raise a fact issue on each of the elements challenged in Garza's summary judgment motion. In particular, Samson's affidavit failed to address how Garza's conduct was extreme or outrageous. Samson merely averred that "Garza [ran a] red light and did not stop or slow down to approach[] [the] cross walk zone." Although this describes how the accident happened, Samson failed to adduce any evidence that would support an inference that Garza's conduct was intentional or otherwise point out any conduct that is "beyond all possible bounds of decency" and "utterly intolerable in a civilized community." *Twyman*, 855 S.W.2d at 621. Therefore, Samson failed to raise a fact issue about whether Garza's conduct was extreme or outrageous. We conclude that Samson failed to produce more than a scintilla of evidence of each of the challenged elements in Garza's motion for summary judgment. Accordingly, we hold that the trial court properly granted summary judgment on Samson's claim of intentional infliction of emotional distress.[1] *See Essex Crane Rental*, 371 S.W.3d at 376; *Colson v. Grohman*, 24 S.W.3d 414, 422 (Tex. App.—Houston [1st Dist.] 2000, pet. denied) (holding summary judgment on plaintiff's intentional infliction of emotional distress claim was proper where plaintiff offered no evidence to establish defendants' conduct

---

[1] Because we hold summary judgment was proper on Garza's no-evidence motion for summary judgment, we need not address Garza's traditional motion for summary judgment. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

11

was extreme and outrageous); *Ortega v. Gonzalez*, 166 S.W.3d 917, 921 (Tex. App.—El Paso 2005, no pet.) (holding summary judgment on intentional infliction of emotional distress claim proper where plaintiff's affidavit merely stated that defendants "did certain things that harmed her").

Samson also challenges the trial court's failure to grant his second motion for a new trial, which was overruled by operation of law. But the sole basis for this challenge is that the trial court erred in granting the summary judgments. Because we have concluded that the trial court properly granted summary judgment on both of Samson's claims, we hold that Samson has not demonstrated any abuse of discretion in failing to grant a new trial.

## Conclusion

We affirm the trial court's judgment.

Rebeca Huddle
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle